11-2052-ag
Alam-Begum v. Holder

BIA
Martinez-Esquivel, IJ
A098 350 042

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 9th day of July, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> ROBERT D. SACK,
> > *Circuit Judges.*

_____

ABU NASER ALAM-BEGUM, AKA ABU NASER
> *Petitioner,*

> v.                                    11-2052-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Charles Christophe, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Ari Nazarov, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abu Naser Alam-Begum, a native and citizen of Bangladesh, seeks review of an April 28, 2011, order of the BIA affirming the May 7, 2009, decision of Immigration Judge ("IJ") Lourdes Martinez-Esquivel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abu Naser Alam-Begum*, No. A098 350 042 (B.I.A. Apr. 28, 2011), *aff'g* No. A098 350 042 (Immig. Ct. N.Y. City May 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA, including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency denied Alam-Begum's application based on an adverse credibility finding, including a determination that Alam-begum failed to establish his identity. Because this finding was supported by substantial evidence, we need not consider the agency's alternative finding that Alam-Begum failed to demonstrate a well-founded fear (or a clear probability) of future persecution.[1]

For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of his account and inconsistencies in his statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). We generally afford "particular deference" to an IJ's credibility finding. *See Jin Chen v. United States Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Alam-Begum argues that the inconsistencies in his asylum applications cited by the IJ are minor, and insufficient to support an adverse credibility determination. However, the IJ did not give them great

---

[1]We also need not consider Alam-Begum's CAT claim, which he raises before this Court in a purely conclusory fashion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

weight, instead relying largely on implausible aspects of Alam-Begum's account of how he obtained his passport. *See generally Dhoumo v. BIA*, 416 F.3d 172, 174 (2d Cir. 2005) (per curiam) ("The determination of an alien's nationality or lack thereof is a threshold inquiry in determining the alien's eligibility for asylum."); 8 C.F.R. § 1208.13(a) (placing burden of proof on the applicant). Alam-Begum claimed that he obtained a passport from the Bangladeshi consulate in New York without filing any paperwork or presenting written proof of his identity, but based solely on the statement of a friend. Moreover, the passport that Alam-Begum obtained was open-ended, even though he claimed to have criminal charges pending against him in Bangladesh.

The IJ also relied upon Alam-Begum's failure to provide details as to these criminal. *Cf. Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008) ("[A] finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless government counsel or the IJ first attempts to solicit more detail from the alien."). Despite claiming that he fled Bangladesh-- and was afraid to return-- because of the charges, Alam-Begum did not know definitively whether they were still pending, and was unable

4

to provide information about the other individuals arrested or the outcome of their cases.  The IJ also noted her observations of Alam-Begum's demeanor.  These factors provide substantial evidence supporting the agency's adverse credibility finding.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk